UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BBK TOBACCO & FOODS LLP,

        Plaintiff,

v.

AAA TRADERS INC., ET AL.,

        Defendants.

_____/

Case No. 19-11973

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [21]**

Plaintiff brought suit against Defendants under 15 U.S.C. § 1117 of the Lanham Act to enforce its trademark on certain RAW® brand products. After one of its investigators engaged in a controlled buy of Defendant's below-market-value products, Plaintiff came to believe that Defendants—two individuals and their two corporations—were selling counterfeit goods. It brought this lawsuit to stop the activity and to seek damages for the counterfeiting.

The Defendants, two individuals, one in Georgia and one in Canada, and two corporations, have not participated in the lawsuit and have not retained counsel, though both individuals are aware of its existence. Plaintiff has secured a clerk's entry of default against all four defendants and now moves for default judgment against all four.

# FACTUAL BACKGROUND

Plaintiff, BBK Tobacco & Foods, LLP, d.b.a. HBI International, exclusively sells RAW® brand rolling papers in the United States. The rolling papers are marketed to consumers who prefer to roll their own cigarettes. Plaintiff pleads that Defendants have, in violation of the Lanham Act, sold counterfeited RAW® Classic 1 ¼ Rolling Papers and RAW® King Size Slim Rolling Papers. An image of one of the four products is below.



These products contain, alone and in combination, four registered trademarks.

1. U.S. TM Reg. No. 2,989,221 for RAW (word mark);
2. U.S. TM Reg. No. 4,412,202 for RAW (word mark);
3. U.S. TM Reg. No. 4,325,822 for RAW ARTESANO; and
4. U.S. TM Reg. No. 4,647,824 for RAW ORGANIC HEMP AUTHENTIC PUREST NATURAL HEMP FIBERS UNREFINED RAY NATURAL UNREFINED HEMP ROLLING PAPERS (design mark).

(Compl. ¶¶ 37-38).

The products also utilize a distinctive trade dress, including the use of the colors red, brown and tan, the term RAW in large, red stylized font, the piece of twine wrapped around the package, and other markings. The trade dress, Plaintiff alleges, is non-

functional, arbitrary, and contributes to the overall look and feel of the package. (*Id.* ¶ 43).

Plaintiff alleges that the counterfeits mimic both the trade dress and the trademarks of its product. Further, the counterfeit products copy the authentic products by stating that they are manufactured in Alcoy, Spain, though they are not. (*Id.* ¶¶ 56-57. *Id.* at ¶ 15).

Defendant, Noorudin Mitha, resides in Georgia. Plaintiff alleges that Mitha uses Defendant AAA Traders as "an instrument" of its counterfeit distribution. Defendant Suleman Lakhani resides in Calgary, Canada. Plaintiff alleges that he uses AAA Traders and AA Imports and Wholesales, Ltd., as "an instrument" of his counterfeiting. (*Id.* at ¶ 16). AA Imports and Wholesales, Ltd., is a Canadian corporation owned by Lakhani. (*Id* at ¶ 19).

In Spring of 2018, investigators working with Plaintiff purchased several counterfeit products, below market value, first at AA Imports and Wholesales, Ltd. location, and then again at a warehouse in Livonia, MI, belonging to the undercover agent. The investigators connected those products with Defendants. (*Id.* ¶¶ 62-64).

## PROCEDURAL BACKGROUND

Plaintiff brought this suit on July 2, 2019. (ECF No. 1). Defendants were served on July 5, 2019. (ECF No. 9, 10, 13). Plaintiff and Defendant Noorudin Mitha stipulated to an extension of time for responsive pleading until August 16, 2019. On

August 13, 2019, Suleman Lakhani filed an affidavit denying knowledge of the Plaintiff and denying the allegations in the Complaint.

On October 7, 2019, upon Plaintiff's request, a Clerk's Entry of Default was entered against all four Defendants in this case. (ECF Nos. 16, 17, 18, 19). A Certificate of Service was entered on November 26, 2019, and Plaintiff filed its Motion for Default Judgment on April 8, 2020. (ECF Nos. 20, 21). Plaintiff served Defendants with this document by email and first-class mail. (ECF No. 23, 24).

On May 18, 2020, the Court scheduled a hearing, via Zoom, for June 15, 2020. (ECF No. 25). Plaintiff served notice of this hearing on Defendants by mail and email. (ECF No. 26). The hearing was held, and only counsel for Plaintiff appeared. The Court granted Plaintiff's motion for default judgment and ordered further briefing on attorney's fees.

## ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Looking to another trademark infringement default judgment in this district concerning rolling paper, "[o]nce the Court Clerk enters default, all well-pleaded allegations are deemed admitted, except those concerning damages." *North Atl. Oper. Co., Inc. v.*

*JingJing Huang*, No. 15-14013-TBG [DKT. 276], at *6 (E.D. Mich. May 9, 2017) (citing *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir. 1995)).

Plaintiff seeks to recover for Plaintiff's infringement of both registered and unregistered marks. Its complaint alleges against each Defendant violations of Lanham Act Section 32(I), 15 U.S.C. § 1114 (infringement of the registered RAW® Trademarks) (Compl. ¶¶ 83-89) and violations of the RAW® Trade Dress under Section 43(a) (infringement of the unregistered RAW® trade dress) (*Id.* ¶¶ 90-97).

Plaintiff has pled all the elements of trademark infringement. To establish liability for trademark infringement, Plaintiff must show that (1) it owns a valid, protectable trademark; (2) Defendants used that mark in commerce without Plaintiff's consent; and (3) there was a likelihood of confusion. 15 U.S.C. § 1114(1); *Ford Motor Co. v. Lloyd Design Corp*., 22 Fed. App'x 464, 468 (6th Cir. 2002). The products that Defendants are alleged to have sold to Plaintiff's investigators are clear counterfeits that create a likelihood of confusion.

Plaintiff's trade dress infringement claims mirror the trademark infringement claims. *See Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1238-39 (6th Cir. 1991) (elements of trade dress infringement are similar to elements of trademark infringement); *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

Plaintiffs are therefore entitled to the damages they have requested. "Courts have wide discretion in awarding statutory damages." *Microsoft Corp. v. Compusource Distributors*, Inc., 115 F. Supp. 2d 800, 811 (E.D. Mich. 2000); *See also Chi–Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229 (7th Cir.1991) ("district courts enjoy wide discretion in awarding fees and may consider factors such as ... 'the efficacy of the damages as a deterrent to future copyright infringement.' "). Statutory damages for willful violations must be "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c).

Plaintiff asks for statutory damages of $50,000 per registered mark and trade dress, for a total of $250,000 per Defendant. This number is consistent with the award of $200,000 per Defendant group granted in this district's previous rolling paper infringement case. *JingJing Huang*, No. 15-14013 (ECF No. 276, PageId.2415). The court in *JingJing Huang* found that such damages were consistent with those awarded in similar cases as well and calculated to deter future trademark infringement. *Id*. In another case, Plaintiff was awarded $240,000 for counterfeit ZIG-ZAG® Orange products: an amount the Court found was "within the range awarded by courts in comparable circumstances." *North Atlantic Operating Company, Inc. v. Evergreen Distributors, LLC*, No. 13-cv- 4974-ERK-VMS

(E.D.N.Y. Jan. 5, 2015), Dkt. 272-3, p. 30.  report and recommendation adopted, Order entered Jan. 28, 2015.

Plaintiff's proposed statutory damages are reasonable and will be entered, but Plaintiff will not be able to collect $250,000 from both the individual defendants and their corporations. Mitha and AAA Traders will be liable for $250,000, and Lakhani and AA Imports and Wholesales, Ltd. will be liable for $250,000. Total statutory damages will be $500,000, not the $1,000,000 asked for.

Plaintiff has also submitted separate briefing on its attorney's fees. Counsel for Venable LLP has billed $23,481.00. Venable also billed Plaintiff $2,013.90 for professional services provided by Warner Norcross & Judd LLP. Plaintiff's costs for investigation were $4,055.79, billed by LSS Consulting, Inc. (ECF No. 28, PageId.285-286). Plaintiff's local counsel of Warner Norcross & Judd LLP also billed $14,968.00 for litigation support and advice. (ECF No. 29, PageId.217). Plaintiff may therefore recover $44,455.69 for the costs of this suit.

## CONCLUSION

Plaintiff has pled the elements of trademark and trade-dress infringement, in violation of the Lanham Act. Because Defendants have not pled otherwise, the allegations contained in the complaint will be taken as true. Plaintiff is entitled to its proposed statutory damages of $250,000 per Defendant group, in addition to attorney's fees and costs. Plaintiff is also entitled to an injunction against future

trademark or trade-dress infringement. The injunction will be entered as a separate order.

For the reasons stated in this order and on the Record at the June 15, 2020 hearing,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment [21] is **GRANTED IN PART**. Judgment will be issued in favor of Plaintiff for $250,000 against Mitha and AAA Traders and $250,000 against Lakhani and AA Imports and Wholesales, Ltd. As to each set of two defendants (the corporation and its individual owner), $250,000 will be owed jointly and severally. The Motion for Default Judgment is granted in part, and not in full, because the total award is $500,000, not the $1,000,000 requested by Plaintiff. Plaintiff may also recover from all Defendants its attorney's fees and costs of $44,455.69.

**SO ORDERED**.

<br>

          s/Arthur J. Tarnow
          Arthur J. Tarnow
Dated: July 23, 2020      Senior United States District Judge